# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | Case Number: 4:18-CR-00070-002 |
| v. § | Judge Mazzant |
| § | |
| MARIA ISABEL HERNANDEZ § | |

### MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant's *Pro Se* Motion to Reduce Sentence (Dkt. #114 at p. 1). The Court, having considered the Motion, the response, the record, and the applicable law, finds that the motion must be **DENIED**.

## I. BACKGROUND

Federal law enforcement authorities arrested Defendant Maria Isabel Hernandez ("Hernandez") on April 19, 2018 (Dkt. #89 at p. 1). On September 19, 2018, Hernandez pleaded guilty to Conspiracy to Possess with the Intent to Manufacture and Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine or 50 Grams or More of Methamphetamine in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(A) (Dkt. #89 at p. 1). The Court sentenced Hernandez to 162 months' imprisonment (Dkt. #101 at p. 2). Hernandez is serving her sentence at FMC Carswell (Dkt. #115 at p. 1). The Bureau of Prisons ("BOP") projects she will be released on October 16, 2029 (Dkt. #115 at p. 1).

On April 18, 2022, Hernandez filed the present motion, requesting a sentence reduction because "the offense in which [she] was convicted of is covered under the Fair Sentencing Act of 2010" (Dkt. #114 at p. 1). On May 2, 2022, the Government filed its response (Dkt. #115). The Government opposes the sentence reduction, arguing Hernandez is ineligible for relief pursuant to

18 US.C. § 3582(c) because she was not convicted of an offense covered by Sections 2 or 3 of the Fair Sentencing Act of 2010 (Dkt. #115 at p. 3).

## II. ANALYSIS

A court's authority to reduce or modify a sentence is limited once a sentence of imprisonment has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010); *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020); *United States v. Banks*, 770 F.3d 346, 348 (5th Cir. 2014); *United States v. Hernandez*, 645 F.3d 709, 711 (5th Cir. 2011); *United States v. Alonzo*, 516 F. Supp. 3d 623, 624 (E.D. Tex. 2021). Pursuant to 18 U.S.C. § 3582(c), a district court is authorized to modify a previously imposed term of imprisonment only under the following circumstances: (1) when the court receives a motion from the Director of the Bureau of Prisons ("BOP"), or under certain circumstances, a motion from the defendant, indicating that there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) when the district court, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, acting within 14 days after the imposition of sentence, wishes to correct an arithmetical, technical, or other clear error identified in a previously imposed sentence; (3) when the defendant has provided substantial assistance and the government moves for a sentence reduction; or (4) when the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c); *see United States v. Lopez*, 989 F.3d 327, 332 (5th Cir. 2021) ("Section 3582(c)(2) permits the discretionary modification of a defendant's sentence 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o),' so long as the 'reduction is consistent with applicable policy statements.' "); *Banks*,

770 F.3d at 348; *United States v. Meza*, 620 F.3d 505, 507 (5th Cir. 2010).

The First Step Act of 2018 was enacted to remedy a gap left open by the Fair Sentencing Act of 2010 and various amendments to the United States Sentencing Guidelines relative to sentences imposed for certain cocaine offenses. *United States v. Batiste*, 980 F.3d 466, 469 (5th Cir. 2020). Specifically, § 404 gives courts the discretion to retroactively apply the Fair Sentencing Act to reduce a prisoner's sentence for certain covered offenses. *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019) ("It is clear that the First Step Act grants a district judge limited authority to consider reducing a sentence previously imposed."). Here, Hernandez moves for a reduction of her sentence, arguing the offense she committed is a "covered offense" under the Fair Sentencing Act (Dkt. #114 at p. 1). In response, the Government contends that "[s]ince Hernandez was not convicted of an offense covered by Sections 2 or 3 of the Fair Housing Act, she is clearly ineligible for relief pursuant to the First Step Act" (Dkt. #115 at p. 3). The Court agrees with the Government.

A defendant is eligible for a sentence reduction under the First Step Act if: (1) she committed a "covered offense"; (2) her sentence was not previously imposed or reduced pursuant to the Fair Sentencing Act; and (3) she did not previously file a motion under the First Step Act that was denied on the merits. *Id.* at 416–17. A "covered offense" within the meaning of the First Step Act is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." First Step Act, Pub. L. 115-391, § 404(a). More specifically, Section 2 of the Fair Sentencing Act "amended 21 U.S.C. § 841(b)(1)(B)(iii) by increasing the cocaine base amount for the statutory imprisonment range of 5 to 40 years from 5 grams to 28 grams." *Hegwood*, 934 F.3d at 417. Section 3 of the Fair Sentencing Act "eliminated a mandatory minimum sentence for simple

possession of cocaine base." *Id.* at 418.

Here, Hernandez was convicted conspiracy to possess with the intent to manufacture and distribute methamphetamine—not crack cocaine.  As such, Hernandez was not convicted of an offense covered by Sections 2 or 3 of the Fair Sentencing Act. Thus, she is not eligible for a sentence reduction under the First Step Act because she did not commit a "covered offense." *See id*. at 416–17.

### III. CONCLUSION

It is therefore **ORDERED** that Defendant Maria Isabel Hernandez's Motion for Sentence Reduction (Dkt. #114) is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 26th day of May, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE